YURMAN DESIGN, INC.,
Plaintiff–Appellee,

v.

CHAINDOM ENTERPRISES, INC. and
Shieler Trading Corporation,
Defendants–Appellants.

No. 00–7043.

United States Court of Appeals,
Second Circuit.

Feb. 15, 2001.

Maxim H. Waldbaum, Pryor Cashman Sherman & Flynn LLP, New York, NY, for appellee.

Robert D. Katz, Cooper & Dunham, New York, NY, for appellant Chaindom Enterprises, Inc.

Present CARDAMONE, PARKER, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Defendant-appellant Chaindom Enterprises, Inc. ("Chaindom") appeals from orders of the United States District Court for the Southern District of New York (Keenan, J.) entered on November 29, 1999, in which the court granted plaintiff-appellee Yurman Design, Inc.'s motion for preliminary injunction and dismissed Chaindom's counterclaim, and on February 22, 2000, in which the court denied Chaindom's motion for reconsideration. On appeal, Chaindom argued in its brief that

plaintiff-appellee's copyright registration was filed more than five years after publication and that, consequently, the district court erred when it presumed, based on plaintiff-appellee's certificate of registration, that its copyright was valid. Chaindom also argued that, because at the time it filed its counterclaim it had already applied for registration, the district court should not have dismissed Chaindom's counterclaim for lack of jurisdiction based on the fact that Chaindom filed its action before its copyright was registered. At oral argument, counsel for Chaindom specifically abandoned both of these arguments and argued instead that the district court abused its discretion in granting a preliminary injunction because the evidence of Chaindom's independent creation of a similar design in 1988 defeated plaintiff-appellee's claim that Chaindom had copied plaintiff-appellee's work.

First we note that the issue presented at oral argument was never briefed by Chaindom and has accordingly been waived. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."), *cert. denied,* 525 U.S. 1001, 119 S.Ct. 511, 142 L.Ed.2d 424 (1998).

In any event, the argument that has been proffered is without merit. "We review the district court's decision to grant a preliminary injunction for an abuse of discretion." *Laureyssens v. Idea Group, Inc.,* 964 F.2d 131, 136 (2d Cir.1992). Either an error of law or a clear error of fact may constitute an abuse of discretion. *See Forest City Daly Hous., Inc. v. Town of North Hempstead,* 175 F.3d 144, 149 (2d Cir.1999). After reviewing the record, we are convinced that the district court did not clearly err when it found that Chaindom had not shown that it had independently created a design similar to plaintiff-appellee's copyrighted work in 1988.

For the reasons set forth above, and for the reasons stated in the district court's opinions, we affirm the judgment of the district court. *See Yurman Design, Inc. v. Chaindom Enters., Inc.,* No. 99–CV–9307 (JFK), 1999 WL 1075942, at *1 (S.D.N.Y. Nov.29, 1999); *Yurman Design, Inc. v. Chaindom Enters., Inc.,* No. 99–CV–9307 (JFK), 2000 WL 217480, at *1 (S.D.N.Y. Feb.22, 2000).

For the reasons set forth above, the judgment of the district court is AFFIRMED.